**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001114
28-FEB-2014
08:09 AM**

NO. CAAP-12-0001114


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
LAST KONY, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1294)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J. and Fujise, J.,
with Reifurth, J., concurring separately)

Defendant-Appellant Last Kony (Kony) appeals from the Judgment entered by the Circuit Court of the First Circuit (Circuit Court)[1] on November 28, 2012 in which Kony was convicted of and sentenced for three counts of Sexual Assault in the First Degree in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(c) (Supp. 2013), and three counts of Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(c) (Supp. 2013).

On appeal, Kony argues that the Circuit Court erred by allowing the State of Hawaiʻi's (the State) expert to testify where his testimony was:  (1) not relevant; (2) did not assist the jury in comprehending something not commonly known or understood; (3) improperly bolstered the complaining witness's testimony; and (4) improperly profiled him as a sex offender or alternatively, was misleading and highly prejudicial.

After a careful review of the points raised and the arguments made by the parties, the applicable authority and the record, we resolve Kony's point on appeal as follows and affirm.

_____

[1]  The Honorable Glenn J. Kim presided.

"Generally, the decision whether to admit expert testimony rests in the discretion of the trial court. To the extent that the trial court's decision is dependant upon interpretation of court rules, such interpretation is a question of law, which [the appellate] court reviews de novo." Barcai v. Betwee, 98 Hawai'i 470, 479, 50 P.3d 946, 955 (2002) (internal citations omitted).

Here, Kony filed a Motion in Limine that sought to preclude Dr. Alex Bivens (Dr. Bivens) from testifying for the prosecution on the basis that his testimony was not relevant.[2] The Circuit Court held a hearing on Kony's motion and determined that Dr. Bivens would be allowed to testify on the issue of delayed reporting, with any other areas of testimony to be determined on a "question by question" objection basis.

1. and 2. Kony argues that Dr. Bivens's testimony did not comport with Hawaii Rules of Evidence (HRE) Rule 702[3] and therefore "failed to meet the requirements for admissibility of expert testimony[.]" He argues that contrary to the State's representation that the testimony would only address the issue of delayed reporting, Dr. Bivens instead gave a "discourse that simply regurgitated ad nauseum external statistics and case studies" and "did not make the ultimate question in this case . . . more or less probable[.]" In particular, Kony argues that because Dr. Bivens's "testimony did not satisfy the four-pronged Batangan inquiry, the court erred in allowing him to testify and [Kony's] convictions must be vacated and the case

---

[2]     At trial, the Circuit Court ruled that Dr. Bivens was qualified to testify "as an expert in clinical psychology with an emphasis on the dynamics of child sexual abuse[.]" The defense stated it had no objections to Dr. Bivens's qualification.

[3]     HRE Rule 702 states:

> If scientific, technical, or other specialized knowledge
> will assist the trier of fact to understand the evidence or
> to determine a fact in issue, a witness qualified as an
> expert by knowledge, skill, experience, training, or
> education may testify thereto in the form of an opinion or
> otherwise. In determining the issue of assistance to the
> trier of fact, the court may consider the trustworthiness
> and validity of the scientific technique or mode of analysis
> employed by the proffered expert.

remanded for a new trial." (citing State v. Batangan, 71 Haw. 552, 562, 799 P.2d 48, 54 (1990)).

Kony acknowledges that the standard for admissibility of expert testimony in child sex abuse cases, including the requirement that the testimony be "relevant" and "shown to assist the jury to comprehend something not commonly known or understood" was established in Batangan, 71 Haw. at 562, 799 P.2d at 54, but argues that "Batangan, presented distinct factual circumstances, and was decided during a wholly different social, political, and technological era." However, this court has rejected this notion and has sustained the presentation of such testimony in the recent past. See State v. Transfiguracion, 128 Hawaiʻi 476, 290 P.3d 546, No. CAAP-11-0000048, 2012 WL 5897413 at *2, (App. Nov. 21, 2012)(SDO) ("[E]ven if the circuit court were to credit Transfiguracion's unsubstantiated assertion that the news and entertainment media depict child sex abuse and delayed reporting on a regular basis, it does not necessarily follow that there has been any change in the public's understanding of the psychological effects of childhood sexual abuse.") cert. rejected, No. SCWC-11-0000048, 2013 WL 1285112 (Mar. 28, 2013); see also State v. Moisa, 126 Hawaiʻi 266, 269 P.3d 801, No. 30712, 2012 WL 247963 at *2, (App. Jan. 25, 2012)(SDO), cert. rejected, No. SCWC-30712, 2012 WL 1419552 (Apr. 24, 2012).

3. and 4. Kony argues that Dr. Bivens's testimony improperly bolstered the complaining witness's testimony and profiled Kony as a sex offender which was misleading and highly prejudicial. Assuming, arguendo, that Kony properly preserved these objections, we reject them as without merit.

Kony admits that "Dr. Bivens did not have any information about the case, including [the complaining witness's] age and the relationship between" complaining witness and Kony and "did not explicitly state that he believed that abuse occurred or that [the complaining witness] was truthful," but argues that "the statistical and profile evidence that he cited had essentially the same effect" as to have "vouched for" the complaining witness's testimony.

The record does not support this assertion. Dr. Bivens stated that he understood that the purpose of his testimony was "to provide information to the jury about the nature of child sexual abuse and, um, hopefully that will assist the jury in making their own determination about the facts of this case." He also testified that, with regard to the numbers he presented, "there are error rates associated with percentages always" and "[p]ercentages should only be used to be given a general idea[.]"

There is no categorical prohibition on this kind of testimony, even when the expert has examined the complaining witness and knows about the facts of the case. Batangan 71 Haw. at 558, 799 P.2d at 52 (While "this type of expert testimony carries the potential of bolstering the credibility of one witness and conversely refuting the credibility of another[,] . . . [s]uch testimony, by itself, does not render the evidence inadmissible."). By contrast, "conclusory opinions that abuse did occur and that the child victim's report of abuse is truthful and believable is of no assistance to the jury, and therefore, should not be admitted." Id. Neither case specific nor conclusory testimony was given here.

Kony argues that Dr. Bivens's "testimony on 'profile' evidence of the typical sex abuser and victim of sexual abuse and/or use of statistics to substantiate his claims was highly prejudicial." He argues that "[w]hile [Dr.] Bivens did not explicitly state that he believed that abuse occurred or that [the complaining witness] was truthful, the statistical and profile evidence that he cited had essentially the same effect.

Dr. Bivens additionally testified about the "abuse process" and how child molesters "approach their crime" in such a way that is "designed to keep the child quiet and keep them from telling." In particular, Dr. Bivens testified about the "classic example" of "taking advantage of children while in a vulnerable position" being "approaching a sleeping child." As this description closely matched the complaining witness's account, Kony argues that the testimony amounted to Dr. Bivens "directly opining on the truthfulness of the complaining witness[.]" (quoting Batangan, 71 Haw. at 559, 799 P.2d at 52) (citation and

internal quotation marks omitted). According to Kony, this "'guide[d] the jury to a conclusion' that [the complaining witness] was telling the truth by demonstrating that the details or characteristics of her testimony matched those of a typical sexual abuse case, even though fabricated testimony could also include such details."

While acknowledging the possible dangers of such testimony, Hawai'i courts have consistently held that Dr. Bivens's generalized testimony "was helpful to the jury and relevant to provide context to evaluate the behavior of the Child where normal indicia of reliability may not apply." State v. Pacheco, 128 Hawai'i 447, 290 P.3d 547, No. CAAP-11-0000571, 2012 WL 5990275 at *1 (App. Nov. 30, 2012)(SDO), cert. rejected, No. CAAP-11-0000571, 2013 WL 1580861 (Apr. 15, 2013) (quoting Batangan at 557-58, 799 P.2d at 52) ("Expert testimony exposing jurors to the unique interpersonal dynamics involved in prosecutions for intrafamily child sexual abuse, may play a particularly useful role by disabusing the jury of some widely held misconceptions . . . so that it may evaluate the evidence free of the constraints of popular myths.") (internal quotation marks and brackets omitted); see also Transfiguracion, 128 Hawai'i 476, 290 P.3d 546, No. CAAP-11-0000048, 2012 WL 5897413 at *1 (App. Nov. 21, 2012)(SDO).

Finally, the Circuit Court included a jury instruction that advised the jury that it could choose not to accept the expert's testimony. That instruction read:

> During the trial you heard the testimony of one or more witnesses who were described as experts.
>
> Training and experience may make a person an expert in a particular field. The law allows that person to state an opinion about matters in that field. Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. It is up to you to decide whether to accept this testimony and how much weight to give it. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

The trial judge is in the best position to evaluate and make a determination on the admission of evidence. On this

record, we cannot conclude that the Circuit Court abused its discretion in allowing the testimony at issue.

Therefore, November 28, 2012 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, February 28, 2014.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge